UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MODZINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1160 HEA |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. No. 11]. Plaintiff objects to the motion. A hearing was conducted on January 4, 2008 during which the court heard arguments of counsel. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff filed this action in the Circuit Court for the County of St. Louis, Missouri, Twenty-First Judicial Circuit, alleging personal injury resulting from a ladder falling upon him at Defendant's Telegraph Road Wal-Mart store. It is Plaintiff's contention that Defendant's negligence was the proximate cause of his injury.

At the time of the incident, Plaintiff was an employee of Central States Coca-Cola Bottling Company. Pursuant to a contract between Defendant and Coca-Cola,

Plaintiff was a merchandiser at the Telegraph Road store. While performing his employment duties, Plaintiff was allegedly struck by the ladder and was allegedly injured.

Defendant removed this action based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. There is no dispute that the parties are citizens of different states. Plaintiff has not contested removal, even though there is no specific amount of damages claimed, therefore, the Court assumes the damages at issue exceed $75,000.

Defendant now moves to dismiss for lack of subject matter jurisdiction. Defendant asserts that this matter is within the exclusive jurisdiction of the Labor and Industrial Relations Commission because Plaintiff was, at the time of the incident, a statutory employee of Defendant.

## Discussion

In a diversity case, the Court looks to the choice of law rules of the forum state to determine which substantive law to apply. *E.G., Schoffman v. Central States Diversified, Inc.,* 69 F.3d 215, 219 n.10 (8th Cir.1995). "For tort (and contract) claims, Missouri courts apply the 'most significant relationship' test found in the Restatement (Second) of Conflict of Laws § 145 (1971)." *Horn v. B.A.S.S.,* 92 F.3d 609, 611 (8th Cir.1996) (citations omitted). "Under this test, the identity of

the state having the most significant relationship will depend upon the nature of the cause of action and upon the particular legal issue in dispute." *Id.* "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship ... to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws § 146. "This formulation essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred." *Dorman v. Emerson Electric Co.,* 23 F.3d 1354, 1358 (8th Cir.) (citing Missouri cases), *cert. denied,* 513 U.S. 964 (1994). Here, the accident and the injury occurred in Missouri and Plaintiff resides in Missouri; thus, Missouri has the most significant relationship to the occurrence and the parties, and the Court will apply Missouri law.

The appropriate means of raising the Workers' Compensation Law as a defense to a common law tort action is by a motion to dismiss for lack of subject matter jurisdiction. *State ex rel. MW Builders, Inc. v. Midkiff,* 222 S.W.3d 267, 269 (Mo. banc 2007). The Rules of Civil Procedure require a circuit court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Rule 55.27(g)(3). " 'As the term 'appears'

suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction.' " *MW Builders,* 222 S.W.3d at 269 (quoting *James v. Poppa,* 85 S.W.3d 8, 9 (Mo. banc 2002)). "The determination of whether a case falls within the exclusive jurisdiction of the Workers' Compensation Law is a question of fact that is left to the sound discretion of the trial court." *Id.* We review only for abuse of discretion. *Id.* However, when "the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide." *State ex rel. MSX Intern., Inc. v. Dolan,* 38 S.W.3d 427, 429 (Mo. banc 2001) (quoting *Bass v. National Super Markets, Inc.,* 911 S.W.2d 617, 621 (Mo. banc 1995)). A fact finder will not be asked to render a factual decision unless the parties disagree about whether the work that caused the injury was work performed under and required by the contract between the alleged statutory employer and the independent contractor or subcontractor. *Bass,* 911 S.W.2d at 621.

Statutory employment is a constructive relationship created by Mo.Rev.Stat. § 287.040. *See Montgomery v. Mine La Motte Corporation,* 304 S.W.2d 885, 888 (Mo.1957). Section 287.040(1) provides that "[a]ny person who has work done under contract on or about his premises which is an operation of the usual business

which he there carries on shall be deemed an "employer" for purposes of the workers' compensation law. Mo.Rev.Stat. 287.040(1). This provision "takes away the common law rights of employees for negligence of certain third parties by defining the third parties as statutory employers, even though they are not actual employers." *Looper v. Carroll,* 202 S.W.3d 59, 62 (Mo.App.W.D.2006). "The purpose of [this provision] is to prevent an employer from evading workmen's compensation liability by hiring independent contractors to perform the usual and ordinary work which [its] own employees would otherwise perform." *Gianino v. American Can Co.,* 600 F.Supp. 191, 192-193 (E.D.Mo.), *aff'd.,* 782 F.2d 1048 (8th Cir.1985) (table).

As provided in *Looper,* "statutory employment exists when: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of the alleged statutory employer's business." *Looper v. Carroll,* 202 S.W.3d at 62 (footnote omitted). *State ex rel. MW Builders, Inc. v. Midkiff,* 222 S.W.3d 267, 269 (Mo. banc 2007); *Fisher v. Bauer Corp.* 2007 WL 4233394, *2 -3 (Mo.App. E.D. 2007).

In this case, there is no dispute that the work Plaintiff performed was pursuant to a contract. Likewise, there is no dispute that the injury occurred on Defendant's premises. Rather, Plaintiff argues that the work performed was not in the usual

course of Defendant's business.

The "usual business" of the alleged statutory employer is defined as, "[t]hose activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." *Bass,* 911 S.W.2d at 621.

Plaintiff's duties as a merchandising representative fall clearly within the ambit of this definition. Defendant is in the retail sales industry. Products are routinely ordered and placed on the store's shelves for retail sales. When products are sold, the shelves are replenished, as needed. Plaintiff's duties required him to inventory stock, order Coca-Cola products when needed, replenish the supply of the product on the shelves using Defendant's equipment to transport it from the storeroom, and thereby maintain a sufficient amount of the product on the shelf. But for Plaintiff performing these tasks, Defendant would have to hire additional employees to do them. Plaintiff attempts to carve himself out of the statutory employee categorization by arguing the fact he had a unique computer "in",as it were, at Coca-Cola and could order the products instantaneously. While this method of ordering product may be more expeditious, it is in no event the exclusive

method for ordering Coca-Cola products, and does not in any way establish that none of Defendant's employees could order products through more traditional means, *i.e.*, telephone and fax orders, which was done on rare occasion. Plaintiff's routine and repetitious tasks regarding Coca-Cola products appear to be identical to the tasks of Defendant's other employees *vis-a-vis* other products sold by Defendant in its retail store. Thus, the performance of Plaintiff's "routine, frequent, and regular contractual duties is within the usual business of [Defendant] and fall[] under the coverage of the Act." *Bass*, 911 S.W.2d at 618. Under the applicable Missouri law, Plaintiff was, at the time of the incident, a statutory employee of Defendant, and therefore, adjudication of this matter lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission as provided in the Missouri Workers' Compensation Act.

## Conclusion

Based on the foregoing analysis, Defendant's Motion to Dismiss is well taken. This matter falls within the exclusive jurisdiction of the Labor and Industrial Relations Commission, and therefore, this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 11], is GRANTED.

**IT IS FURTHER ORDERED** that this matter is dismissed for lack of subject matter jurisdiction.

Dated this 8th day of January, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE